# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ROBERT JOHNSTON,

    Plaintiff,                                                                        Case No. 6:19-cv-411

v.

HUNTER WARFIELD, INC.,

    Defendant.

_____/

## COMPLAINT

The Plaintiff, Robert Johnston ("Plaintiff"), hereby sues the Defendant, Hunter Warfield, Inc. ("Defendant" or "Hunter Warfield"), and alleges:

### *Parties, Jurisdiction and Venue*

1. Plaintiff is an individual and a resident of Seminole County, Florida.

2. Defendant is a foreign corporation with its principal place of business in Tampa, Florida.

3. This is an action brought pursuant to 15 U.S.C. 1692k. Accordingly, this Court has jurisdiction over this action under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

4. This Court has supplemental jurisdiction over the state law claim in this action under 28 U.S.C. § 1367 because the state law claim is so related to the claim over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

6. All conditions precedent to bringing this action have occurred, been performed, or have been waived.

## *Common Facts*

7. Defendant was engaged as a debt collector to collect a debt that the Defendant alleges is owed by the Plaintiff and that was incurred for personal and household purposes. Specifically, the alleged debt stems from an apartment lease (the "Alleged Debt").

8. In attempting to collect the Alleged Debt, Hunter Warfield called Plaintiff numerous times.

9. During phone calls with Mr. Johnston, Hunter Warfield's representatives told Mr. Johnston that interest was accruing on this debt even though his lease did not permit such interest. This conduct constituted a violation of 15 U.S.C. § 1692e, which prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt and which specifically prohibits a debt collector from falsely representing the character or amount of any debt and from threatening to take action that cannot legally be taken. This conduct also violated 15 U.S.C. § 1692f, which prohibits a debt collector from attempting to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt. This conduct also violated Section 559.72(9), *Florida Statutes*, which prohibits a debt collector from attempting or threatening to enforce a debt when the debt collector knows that the

debt is not legitimate, and which prohibits a debt collector from asserting the existence of a legal right when the debt collector knows that the right does not exist.

10. Hunter Warfield was also harassing and abusive towards Mr. Johnston. During telephone conversations, Hunter Warfield's representatives harassed and insulted Mr. Johnston and insinuated that Mr. Johnston was a bad person for not paying the alleged debt.

11. During one conversation, Mr. Johnston told Hunter Warfield's representative that he was driving and that it was not safe to continue the conversation. Hunter Warfield's representative refused to end the call and continued harassing Mr. Johnston, imperiling his safety. This conduct constituted a violation of 15 U.S.C. § 1692d, which prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. This conduct also violated Section 559.72, which prohibits a debt collector from willfully engaging in conduct which can reasonably be expected to abuse or harass a debtor.

12. Defendant made the above-described phone calls to Plaintiff in the Middle District of Florida, and Plaintiff received the calls in the Middle District of Florida.

**COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

13. Plaintiff incorporates and realleges paragraphs 1 through 12 as if stated fully herein.

14. The conduct of Defendant constituted violations of 15 U.S.C. § 1692d, 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

15. As a direct and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Robert Johnston, hereby demands judgment against the Defendant, Hunter Warfield, Inc., for actual damages, statutory damages in the amount of $1,000.00, court costs, reasonable attorney's fees, injunctive relief, and any other further relief this Court deems just and proper.

## COUNT II – VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

16. Plaintiff incorporates and realleges paragraphs 1 through 12 as if stated fully herein.

17. The conduct of Defendant constituted violations of Section 559.72, *Florida Statutes*.

18. As a direct and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Robert Johnston, hereby demands judgment against the Defendant, Hunter Warfield, Inc., for actual damages, statutory damages in the amount of $1,000.00, court costs, reasonable attorney's fees, injunctive relief, and any other further relief this Court deems just and proper.

### *Demand for Attorney's Fees & Costs*

Pursuant to 15 U.S.C. § 1692k(a)(3) and Section 559.77(2), *Florida Statutes*, Plaintiff Robert Johnston hereby demands an award of the attorney's fees and costs incurred in this matter.

### *Demand for Jury Trial*

Plaintiff Robert Johnston hereby demands a jury trial on all claims asserted in this Complaint and otherwise later asserted in this lawsuit.

DATED: March 4, 2019.                    Respectfully submitted,

*/s/ Joshua A. Mize*
**Joshua A. Mize, Esq.**
Florida Bar No. 86163
**MIZE LAW, PLLC**
110 Front Street, Suite 300
Jupiter, FL 33477
Phone: (407) 913-6800
Fax: (407) 604-7410
Email: jmize@mize.law

*Attorney for the Plaintiff,
Robert Johnston*